**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
*EASTERN DIVISION*
www.ilnb.uscourts.gov**

| | |
|---|---|
| In re:<br><br>WEIGHT INTERVENTION AND SURGICAL HEALTHCARE HOLDING, LLC, et al.,<br><br>Debtors. | Chapter 11<br>Case No. 05 B 16002<br>Jointly Administered<br><br>Hon. Pamela S. Hollis |
| LEPETOMANE XVII, INC., solely as the Liquidating Trustee for the estates of Weight Intervention and Surgical Healthcare Holding, LLC, et al.,<br><br>Plaintiff,<br>v.<br><br>KEATING MUETHING & KLEKAMP,<br><br>Defendant. | Adv. No. |

**ADVERSARY COMPLAINT TO AVOID AND RECOVER PREFERENTIAL TRANSFERS**

Plaintiff, LEPETOMANE XVII, INC., solely as the Liquidating Trustee ("Trustee") for the estates of Weight Intervention and Surgical Healthcare Holding, LLC, Weight Intervention and Surgical Healthcare Center No. 3, LLC, Weight Intervention and Surgical Healthcare Center No. 4, LLC, Weight Intervention and Surgical Healthcare Center No. 5, PLLC, WISH Center No. 6, LLC, WISH Center No. 7, PLLC, WISH Center No. 8, PLLC, WISH Center No. 9, LLC, WISH Center No. 10, PLLC, WISH Center No. 103, LLC, WISH Products, LLC, Midwest Trauma, LLC, Midwest Surgical, LLC, Midwest Surgical Real Estate Holdings, LLC (collectively, the "Debtors"), by and through its counsel, ARNSTEIN & LEHR LLP, for its Adversary Complaint to Avoid and Recover

Preferential Transfers against Keating Muething & Klekamp ("Defendant"), alleges as follows:

## ALLEGATIONS COMMON TO ALL COUNTS
### Jurisdiction and Venue

1. This is a civil proceeding arising under title 11 of the United States Code (the "Bankruptcy Code") or arising in or related to a case under the Bankruptcy Code within the meaning of 28 U.S.C. § 1334(b).

2. This Court has jurisdiction over this proceeding pursuant to 28 U.S.C. §§ 157 and 1334 because this proceeding arises in and is related to the Debtors' Chapter 11 cases in the United States Bankruptcy Court for the Northern District of Illinois (the "Court"), jointly administered under Case No. 05-16002 (the "Bankruptcy Case"), which is currently pending before this Court.

3. This proceeding is a core proceeding under 28 U.S.C. §§ 157(a), (b)(2)(A), (b)(2)(F), and (b)(2)(O).

4. Venue over this matter properly lies in this district pursuant to 28 U.S.C. § 1409(a), inasmuch as this proceeding arises under, and is related to, a case pending under Title 11 of the United States Code.

### The Parties and Background

5. On April 22, 2005 (the "Petition Date"), the Debtors filed separate voluntary petitions for relief under Chapter 11 of title 11 of the United States Code (the "Bankruptcy Code").

6. On October 31, 2005, the Debtors filed its joint Disclosure Statement and Plan of Reorganization ("Plan"). The Plan, as amended on November 30, 2005, provided for, *inter alia*, the creation of a Liquidating Trust ("Trust") pursuant to a

Liquidating Trust Agreement and the appointment of LEPETOMANE XVII, INC., as Trustee.

7. On January 12, 2006, the Court entered an Order (1) Approving Disclosure Statement of Weight Intervention and Surgical Healthcare Holding, LLC and its related debtors as Containing Adequate Information; and (2) Confirming the Plan (the "Confirmation Order").

8. The Confirmation Order provides that "the Liquidating Trustee [is] authorized to take all actions necessary or appropriate to implement the Plan…." Section 10.04 of the Plan authorizes the Trustee to pursue causes of action held by the Debtor on the Petition Date, including those contained in 11 U.S.C. §§ 547 and 550.

9. Defendant Keating Muething & Klekamp is the recipient of certain preferential transfers over which this Court has jurisdiction pursuant to Rule 7004(b), (d) and (f) of the Federal Rules of Bankruptcy Procedure.

## COUNT I
## AVOIDANCE OF PREFERENTIAL TRANSFERS PURSUANT TO 11 U.S.C. § 547(b)

1-9. Plaintiff restates and realleges Paragraphs One (1) through Nine (9) above as Paragraphs One (1) through Nine (9) of Count I.

10. Prior to the Petition Date, one or more of the Debtors and the Defendant engaged in one or more commercial transactions, by which one of more of the Debtors received either goods or services from the Defendant.

11. In conjunction with the receipt of such goods or services, the Defendant invoiced one or more of the Debtors with invoices and/or statements.

12. Within 90 days prior to the Petition Date, the Debtors made one or more payments to the Defendant at least in the aggregate amount of $6,000.00 (the

"Transfers"). The Transfers were made to or for the benefit of the Defendant, a creditor of the Debtors.

13. The Defendant received the Transfers in satisfaction of unsecured credit extended to the Debtor.

14. The Transfers were transfers of an interest of the Debtors in property to or for the benefit of the Defendant.

15. The Transfers were made for or on account of an antecedent debt owed by the Debtor to the Defendant before such Transfers were made.

16. The Transfers were made while the Debtor was insolvent within the meaning of 11 U.S.C. § 101(32).

17. The Transfers were made by the Debtors to the Defendant on or within 90 days before the Petition Date.

18. The Transfers enabled the Defendant to receive more than such Defendant would have received under Chapter 7 of the Bankruptcy Code.

19. The Transfers enabled the Defendant to receive more than such Defendant would have received if the Transfers had not been made.

20. The Transfers enabled the Defendant to receive more than such Defendant would have received if such Defendant received payment of such debt to the extent provided by the provisions of the Bankruptcy Code.

21. Based on the foregoing, the Trustee is entitled to a judgment against the Defendant under 11 U.S.C. § 547(b) avoiding the Transfers.

WHEREFORE, Plaintiff LEPETOMANE XVII, INC., as Liquidating Trustee requests the following relief: (a) a judgment in its favor and against Defendant, pursuant

to 11 U.S.C. § 547(b), in the amount of the Transfers, as well as any other transfers that may be subsequently identified from the Debtors to the Defendants that were within 90 days of the Petition Date, together with pre-judgment and post-judgment interest and fees and costs as permitted by law; and (c) any further relief this Court deems equitable and just.

## COUNT II
## RECOVERY OF PREFERENTIAL TRANSFERS PURSUANT TO 11 U.S.C. § 550

1-21.   Plaintiff restates and realleges Paragraphs One (1) through Twenty-One (21) above as Paragraphs One (1) through Twenty-One (21) of Count II.

22.   The Defendant is either "(1) the initial transferee of such transfer or the entity for whose benefit such transfer was made; or (2) [an] immediate or mediate transferee of such initial transferee" as set forth in Sections 550(a)(1) and (2) of the Bankruptcy Code.

23.   Pursuant to Section 550(a) of the Bankruptcy Code, the Trustee is entitled to recover from Defendant, and for the benefit of the estate, the value of the Transfers that were avoided.

WHEREFORE, Plaintiff LEPETOMANE XVII, INC., as Liquidating Trustee requests the following relief: (a) a judgment in its favor and against Defendant, pursuant to 11 U.S.C. § 550, in the amount of the Transfers, as well as any other transfers that may be subsequently identified from the Debtors to the Defendants that were within 90 days of the Petition Date, together with pre-judgment and post-judgment interest and fees and costs as permitted by law; (b) an order that the Defendant immediately pay that judgment amount to the Trustee for the benefit of the estate; and (c) any further relief this Court deems equitable and just.

LEPETOMANE XVII, INC., as
Liquidating Trustee

By:  /s/ Joy E. Levy
     One of its attorneys

Barry A. Chatz (ARDC# 06196639)
Joy E. Levy (ARDC# 06281972)
ARNSTEIN & LEHR LLP
120 S. Riverside Plaza, Suite 1200
Chicago, IL  60606
Telephone: 312.876.7100
Facsimile: 312.876.0288